# In the United States Court of Federal Claims

No. 13-838L
(Filed: April 4, 2014)

| | |
|---|---|
| STEPHANIE S. TURNER, et al., ) | |
| ) | |
| Plaintiffs, ) | Rails-to-Trails; Class Action Denial; |
| ) | Lack of Superiority; Opportunity to |
| v. ) | Join Prior Class Action Arising from |
| ) | Same NITU |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DENYING CLASS CERTIFICATION

Pending before the court is plaintiff's motion to certify the above-captioned case as a class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff argues that a potential class of approximately 80 plaintiffs exists and that class certification is the most effective method to bring those potential plaintiffs into the litigation without any detrimental effect on the United States. In response, the United States ("the government") argues that the potential plaintiffs received notice to join class actions in two predecessor cases, leaving few potential plaintiffs who are actually likely to join the litigation and none who have not already received adequate notice. For the reasons discussed below, the plaintiff's motion is **DENIED**.

## I.     BACKGROUND

This case involves a recreational trail located between Memphis and Cordova in Shelby County, Tennessee. On October 26, 2007, the Surface Transportation Board

("STB") issued a Notice of Interim Trail Use ("NITU") for a 13.34-mile railroad corridor. Counsel for plaintiffs have previously filed two cases regarding this corridor, Thomas v. United States, No. 10-54, and Lambert v. United States, No. 12-395. The legal and factual background of this case is discussed in the court's August 29, 2012 opinion and order in Thomas and will not be repeated here. Thomas v. United States, No. 10-54 (Fed. Cl. August 29, 2012).

Plaintiffs filed the present case on October 25, 2013, exactly one day before the six-year statute of limitations would have run under 28 U.S.C. § 2501. Following briefing, oral argument was held on March 10, 2014.

## II.   STANDARD OF REVIEW

In this court, the rules governing class actions are set forth in RCFC 23. That rule states:

> (a) Prerequisites. One or more members of a class may sue as representative parties on behalf of all members only if:
>> (1) the class is so numerous that joinder of all members is impracticable;
>> (2) there are questions of law or fact common to the class;
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>> (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) Class Actions Maintainable. A class action may be maintained if RCFC 23(a) is satisfied and if:
>> (1) [not used];
>> (2) the United States has acted or refused to act on grounds generally applicable to the class; and
>> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by class members;
> (C) [not used]; and
> (D) the likely difficulties in managing a class action.

RCFC 23(a)-(b).  Under this rule, the requirements for a class action fall into five categories, all of which must be satisfied: (1) numerosity of plaintiffs, (2) commonality of questions of law or fact, (3) typicality of the representative parties' claims, (4) adequacy of the representative parties to fairly represent the class, and (5) superiority of the class action as the fairest and most efficient means of resolving the case.  Barnes v. United States, 68 Fed. Cl. 492 (2005).

In considering a motion for class certification, a trial court is required to perform "a rigorous analysis" before determining that certification is proper, which may involve "some overlap with the merits of the plaintiff's underlying claim."  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 160-61 (1982)).  This is because "[t]he class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  Id. at 2550 (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)).  It is the party seeking class certification that bears the burden of proving by a preponderance of the evidence that each of the five requirements is satisfied.  See Geneva Rock Prods., Inc. v. United States, 100 Fed. Cl. 778, 782 (2011) (citing Filosa v. United States, 70 Fed. Cl. 609, 615 (2006)).

## III.   DISCUSSION

The issues facing the court are whether plaintiffs satisfy the numerosity and superiority requirements of RCFC 23. There is no dispute between the parties that the plaintiffs have satisfied the commonality, typicality, and adequacy requirements.

As discussed above, in order to demonstrate numerosity, plaintiffs must show that the class is "so numerous that joinder of all members is impracticable." RCFC 23(a)(1). This analysis includes several factors, such as "the number of class members, the location of the members of the proposed class, the size of the individual claims, and the nature of the action." King v. United States, 84 Fed. Cl. 120, 123-24 (2008) (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1762 (3d ed. 2005)).

In order to demonstrate superiority, plaintiffs must show that "a class action would achieve economies of time, effort, and expense, and promote uniformity . . . without sacrificing procedural fairness or bringing about other undesirable results." Barnes, 68 Fed. Cl. at 499 (quoting Fed. R. Civ. P. 23, Advisory Committee Notes (1966)).

Plaintiffs argue that the class consists of 80 potential members encompassing 85 individual parcels abutting or underlying the railroad right-of-way. Plaintiffs further argue that, although the parcels are all along a 13.34-mile strip, the potential class members are dispersed throughout ten states. Additionally, plaintiffs argue that the size of the claims are such that some individual claims may not be pursued separately due to the costs of litigation. Concerning superiority, plaintiffs argue that certification as a class is superior because it will allow the court to achieve economies of time, effort, and expense while eliminating inconsistent adjudications.

4

In response, the government argues that joinder of the parties is very practicable in this case, obviating the need for class certification.  Concerning numerosity, the government argues that plaintiffs have identified all potential class members and, through notices made for the classes in <u>Thomas</u> and <u>Lambert</u>, all potential class members have received some form of notice in prior cases.  The government does not dispute the number of potential class members, but rather argues that the fact that all potential class members have already received at least one opportunity to join a class in either <u>Thomas</u> or <u>Lambert</u> demonstrates that the class is unlikely to contain many of the potential class members.  Concerning superiority, the government similarly argues that the notice made in the previous two cases defeats any benefit that would otherwise be gained from class certification in this case.  Indeed, the government argues that the opposite is true in this case: because notice has already been made, certifying a class in this case would impose significant burdens on the court and the government without providing a benefit to the potential class members.

The court agrees with the government.  For the reasons below, plaintiffs have failed to demonstrate that they meet the numerosity or superiority requirements for class certification.

First, plaintiffs have already identified all potential class members.  In its motion, plaintiffs include a list of those potential class members, containing a mailing address for each one.  Plaintiffs argue that class action status will allow them to provide notice to further potential plaintiffs.  In response, the government argues that all potential class members have previously received notice in <u>Thomas</u> and <u>Lambert</u>, noting that all but 15 received mailed notices, while the remaining 15 presumably received notice by publication.

The government also argues that plaintiffs' counsel has already spent a significant amount of time soliciting clients, indicating that there would be no benefit to further notice. Indeed, plaintiffs' counsel admits that he has been in contact with the potential class members in this case. The court agrees with the government. Plaintiffs have not demonstrated that certifying a class for the purpose of providing notice to potential plaintiffs is not redundant on the grounds that all potential plaintiffs have received notice in prior cases and have had previous opportunities to join a class covering this same trail. As a result, the court sees no reason to authorize a third class action concerning this NITU.

Second, concerning superiority, because the threshold issues of liability for this trail have already been resolved in <u>Thomas</u> and <u>Lambert</u>, class certification would provide no economies of time, effort, or expense. For each of the plaintiffs that have joined this case, the court must determine liability and just compensation with a factual analysis that is unique to each individual claim.

## IV.    CONCLUSION

As the court has determined that plaintiffs have failed to demonstrate numerosity or superiority, plaintiffs' motion for class certification is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge